Good morning. Would you like to reserve any time? Just a couple of minutes, Your Honor. All right. I'm here representing the appellant, Christine Jane Lafferty, in her appeal concerning the Idaho ruling that debts of the kind of Section 523A do not apply to a Subchapter 5, Chapter 11 debtor. In light of your introduction this morning, there's really not much to say. I appreciate the fact that Your Honors have taken the time to review everything and you're familiar with the case. I just want to highlight just a couple things and then I'll just let the other side speak. The plain language of Section 1192 is that if a plan of the debtor is confirmed under Section 1191, the court shall grant the debtor a discharge of all the debts except any of the kind specified in 523A. I don't think this, to me, when I was drafting this brief and involved in this case, it just seemed the simplest explanation is usually the right one. The language is clear. It has the word debtor.  It's debtor and it's just a plain reading of the language. I got into all these other arguments, the relationship to Chapter 12 and convoluted things, no legislative history on this, looking at Norton's bankruptcy, talking to the other attorneys and the other circuits who have already challenged the same thing, and it seems like at best it's kind of an open question. But if I just go back to the plain language of the code section, I'm left with no other decision than what I've asked your honors to do, which is to overturn the bankruptcy court's decision. You know, I get kind of lost in all the Chapter 12 arguments and the IRS's arguments. I think the bigger problem is the distinction that 523 brings in that specifically identifies that it's only applicable to individuals, and then you make the argument, that's the Cleary argument, that somehow 1192 really intended to broaden that to be to corporations. There's a direct conflict. And so while you say it's a simple solution and just read the statute, it creates a problem. And so what I'd like you to try to address, which is difficult, is why should we adopt your theory, which would turn the code from 1978 on its head because it would suddenly take non-dischargeable debt that was only applicable to individuals and make it applicable to corporations, why is that a better solution than the idea that Congress may have redundantly, mistakenly included in 1192 language that was really only applicable under 523 to individuals? Yeah, I guess, your honor, what you're asking me to do is do sort of a law review article, which would probably take me months to research, to be honest. But I will say I think what happens when I'm reading this is I get focused on the words of the kind. And then what happens when my processes, I think of the long tradition of the concept of incorporation by reference. We don't, in the law, either with documents or legislation, need to rewrite every single piece of a piece of a document or of legislation in another document or in another code. I can refer to those other things and incorporate things that are in those other code sections. But to stop me just for a second, if we did that, then we would bring in the language of 523 that says that the whole statute you're referring to of a kind in 523, and 523 says of a kind that is applicable to an individual. I don't read it that way with all due respect, your honor. What I read is I read the list of the items that in 523 are things that are also referred to as relating to an individual. I don't look at those things as if the word individual is the adjective that describes the kind of debts. These are only individual kinds of debts. They're the kinds of debts. And in 523, which is a separate code section, that section applies to individuals. But in my section over here, I'm just telling you the same list that we use in 523, we want that applicable to subchapter 5, chapter 11. I understand what you want. I just distinguish between, again, the individual's not an adjective describing the list. It's the list that stands by itself. And it's a tough question. Well, it's a tough question because, unfortunately, 523 also incorporates 1192, which seemingly then brings back the concept that this is still limited to individuals that confirm plans that are not consensual, not corporations. And so that's where the language gets difficult. I can see I had as much difficulty and I can see that you'll probably have a lot of trouble trying to ferret this out. It really should be cleaned up a little more somehow, either by the legislature or the court. So far, the higher courts have ruled, obviously, in my favor. There's now an 11th Circuit Court counsel informed me. There's another one that's on direct appeal on the same issue. I think there's a fourth, a fifth. I had heard there might be an eighth, or that may have already been direct appeal. So this issue is obviously something that you folks need to help figure out for the public and the creditors. You know, I don't know that it really matters to make, you know, probably arguments of the consequence, but just a short, I guess, illustration. If we didn't read things this way and this could be what the, there is no legislative intent so I can't say it's what the legislature intended, but this would be the natural consequence. I could start a company, my wife and I. We start a trucking company. We hire 500 employees, women and men. And then we're kind of strange people, so we decide to sexually harass them. So we start harassing everyone, both my wife and myself. They all file administrative proceedings under Title VII. Under Title VII, only an employer is liable. Can't get after the employee under Title VII. So now I'm limited to the employer. So all of us sue. All the truckers sue us. And we go to the administrative body. They find that we're liable under Title VII. We get a right to sue letter because we don't settle. We go to the administrative body. We all get $500,000 judgments. When I say we, the truckers. My wife and I then go to a great attorney who says, hey, it doesn't apply to you. The sections don't apply to you. Just file a bankruptcy. So we file a bankruptcy because the only person that can come after us is the, they can't come after us individually. They can't come after our corporation. So I can get out of all this liability of these really heinous wrongful acts where there's no other solution but to sue an employer. And then to say, well, that list that's under 523 that I'm sure the bench knows that there are a lot of very serious things there. That's why we've accepted them from discharge. We don't want people to get away with them. Isn't the problem, what you're saying, is not a problem with bankruptcy law here, but that the other applicable non-bankruptcy law says that only the employer's liable? That in your scenario seems very unfair that that's the law, but that's not the bankruptcy law that we're looking at here, is it? Yeah, but I would argue it's, I would look at it another way. It is true that Title VII and the way and the remedies they have and who you can sue is an unfortunate drafting of the law. But that's why this code section says these 523 things can't be discharged. And I think they apply to individuals. So I do think that somewhere in this it was considered under 1192, the exact words of it, that it says if the plan of the debtor doesn't say individual, corporate, just the debtor, and they can be either, this list of things under 523 are non-dischargeable. These actions that would give rise to the Title VII claims, they could also raise different types of claims that are not covered by these broad terms. So those claims that would be allowed under applicable non-bankruptcy law against the individuals, again, you say Title VII claims, but Title VII doesn't include all harassment-type claims. No, it does not. And so those other claims, those claims, whatever rights there are under applicable non-bankruptcy law to go after the individuals, they still exist. The individuals or a corporation? Going after the individuals. There could be intentional generally you can't sue in most of the cases the individuals as I understand it for their actions as employees during the course and scope of employment. Your cause of action as a plaintiff is only against the corporation or the company. In terms of intentional infliction of emotional distress and those sort of personal tort actions, you can bring those in most jurisdictions against the individuals. Obviously, they'll raise the piercing the corporate veil kind of defenses or whatever, but some of those you can get around. But I still think, and you guys have as tough a question as I did trying to figure out how to solve this. I just think that 1192, when you read it plainly, doesn't distinguish between an individual or a corporate debtor, it just says debtor. And they're just pointing to, by reference, the list of items in 523 as a list of the type of things we don't want individuals, corporations, or anyone to get away with by running to the bankruptcy court, filing it and saying, we got out of that sexual harassment suit, we got out of that tortious action, we got out of that fraudulent claim. I mean, the way this is written, a corporation could do all kinds of things under 523, a whole list of things, and just wipe their hands of it and walk away. But, counsel, that's true if the corporation files under Chapter 7. It's true if the corporation files under Chapter 11, not subchapter 5. So what you've done is carve out a specific exception that was only applicable to a case like yours where you have a small corporation that files under a specific chapter. Otherwise, 523 makes clear it doesn't apply in all these other contexts, and nobody disputes any of that. So that's the problem that I see with your argument, and it's difficult. Yes. I understand. Nothing else, Your Honor. Thank you. Does she have more questions of me? No. Thank you. Thank you. Good morning, Your Honors. Matt Christensen for the Chapter 11 debtor in the case. I think where I want to start, and I recognize the Court's read the briefs and the arguments made therein, I want to start with the purpose for the Small Business Reorganization Act. The whole point was to make it easier for small business debtors to confirm a reorganization plan. What the appellant argues for is a harder path for those small business debtors to get a plan confirmed on a non-consensual basis. I think that's an important distinction as well. Not only are we talking about small business debtors, a small subset of Chapter 11 debtors, we're talking about small business debtors who confirm non-consensual plans. A consensually confirmed plan in a small business case, a Subchapter 5 case, doesn't have this issue. 1192 doesn't even come into play. So we're talking about a very small subset of a very small subset of Chapter 11 cases who the appellant argues Congress has intentionally made it harder for those entities to get a Chapter 11 plan confirmed. I think that's a bad reading of the statute. I think this entire case is a statutory interpretation case. There's no factual disputes. Every fact was deemed true because it's a motion to dismiss. The statutes we're interpreting are 1191, 1192, 523A. I would say there's probably an argument that 1181 also comes into play and I'll explain that in just a bit in the context of the Clery decision from the Fourth Circuit. The appellant points out there's not a lot of legislative history behind the non-dischargeability provisions in the SPRA. I don't dispute that. That's one of the points several of the Bankruptcy Court decisions have made, that hey, Congress made this sea change in corporate discharge without even mentioning it in any of the legislative history. That's not the way that we interpret Congress's actions. I think that's important. And again, that sea change, the appellant argues that that change was in place to make corporations liable for these types of debts. Again, it's not corporations that we're talking about. It's non-consensually confirmed small business corporations. Every other large corporation  appellant's argument and this sort of goes to the equitable balance of protections that the Clery decision talks about, that in a traditional Chapter 11 case, you have an absolute priority rule. You've got an unsecured creditors committee. You've got all these things in place that provide some additional protections to creditors in those cases. And in a Subchapter 5 case, you don't have those things. I think what the Fourth Circuit didn't recognize is that, first off, in the Subchapter 5 case, you have a Subchapter 5 trustee who helps play some of the role that the UCC does in a traditional Chapter 11 case. Additionally, I think and this is more anecdotally, I guess, in a small business Chapter 11 case, it's not very often you have an active unsecured creditors committee. So in a small business case, that's not much of an actual benefit in a traditional Chapter 11 case. Additionally, I think there's some recognition, whether explicit or implicit, by Congress that in a small business case, generally those are going to be single or maybe a small number of owners of that entity. It's an entity that depends on those owners remaining with that company. It's not a large corporation where, hey, you can replace the owners through the Subchapter 11 plan and that's not going to have a huge effect on the company. So the fact that the absolute priority rule was made inapplicable I think is in part a recognition that in a small business case, we want the owners to stay in place. We need the owners to stay in place. They're the reason this reorganization is going to be successful if it can be successful. What the appellant's argument does is creates a couple of perverse incentives for a Subchapter 5 debtor or a Subchapter 5 creditor. For a Subchapter 5 debtor, if I know that, hey, if I come in as a Subchapter 5 filing and I elect a Subchapter 5, Chapter 11 case, I'm going to open myself up potentially to 523 claims. What's to stop me from simply getting more debt so I don't meet the debt requirement for a Subchapter 5 case and filing a Chapter 11 traditionally so I don't have that issue? Can't you just convert it to Chapter 11? I mean, you can file it as a Sub 5. You don't have to stay in a Sub 5, do you? Correct. Plus, it's an election, isn't it? You didn't have to elect. Correct. You don't have to elect it. Potentially then, whether you end up as a non-Subchapter 5 small business debtor or a traditional debtor, either way, you're outside of Subchapter 5. 1192 doesn't even apply. So it disincentivizes debtors from filing Subchapter 5 cases, is my point. It incentivizes creditors to not say, this may be a great plan for that debtor. Because if I don't consent, potentially then I'm big enough I can make this a non-consensual plan and then I have non-dischargeability issues. It also potentially incentivizes the debtors to not attempt a reorganization at all. To say, look, if I'm going to open myself up to this, I don't want to do a traditional Chapter 11. It can't get confirmed because I've got an absolute priority rule issue. So we're just shutting the doors and we're going to liquidate and close shop. That's not what Congress was trying to do with the Small Business Reorganization Act. It was not the Small Business Liquidation Act. The purpose was make it easier for companies to reorganize. There's the statutory conflict that comes in is, in my view, between 1192's reference to 523A and 523A's reference to 1192. There's two statutory interpretation principles that come into play, which we identified in our brief. The simple versus complex, which the Fourth Circuit adopted, and the surplusage argument, which a couple of the bankruptcy courts have adopted. I don't think those two things are in conflict, mostly because I think the Fourth Circuit evaluated the simple and complex backwards. 523A is the more specific reference that limits that discharge to individual debtors. 1192 is the broader statute that doesn't limit it to individuals. I think the surplusage argument is, well, if we take the Fourth Circuit's ruling that because 1192 references 523A, it only refers to the debts in 523A, then Congress's addition of 1192 to 523A means nothing. Because if you're only talking about corporate and individual debtors for all that list of 1192A, then the reference to 1192 just prior to does not discharge an individual debtor means nothing, which the interpretation canon says you shouldn't interpret it that way. There was also an interpretation wrinkle that the Fourth Circuit identified between section 1141 and section 1191. Essentially the Fourth Circuit's 1141 has a specific provision for individual debtor discharges and a specific provision for corporate debtor discharges, and this interpretation, the Paley's interpretation of 1192 would conflict with those two provisions, 1141D2 and D6. The issue, I think, that wasn't identified in the Fourth Circuit opinion is 1181C, which says in a non-consensual confirmation, 1141D does not apply. If confirmation and discharge is pursuant to 1192, then the provisions of 1141 don't apply except as included by 1192, which doesn't include 2 and 6 of section 1141. So I don't think there's a conflict, then, between 1141 and 1192. In a non-consensual discharge, 1141 doesn't play a factor. 1141 would apply in a consensual subchapter 5 discharge and in a traditional chapter 11 and a traditional small business case. Council, the one conflict that does arise is that if you have a non-consensual plan confirmed under 1192, then the 1141D6 provisions don't apply to a corporation. Correct. And that means that you are getting a for a non-consensual plan, which seems intuitively to not make sense, doesn't it? I'll concede that I think that's a hole in the statute that is because of the way Congress drafted section 1181C that just said the provision doesn't apply at all. Again, we could go back to the fact that if Congress meant to take away the small little carve-out to corporate discharge that it had given before through 1141D6, they probably would have said something about it in their legislative history. But yes, I think that's potentially still a problem. Don't think it's a problem in this case, necessarily. Because there's no D6 kinds of claims that would be asserted, and they're not typically asserted in most cases. Correct. The last two points that I'll make, Your Honors, some of the argument from the appellants today dealt with the specific nature of the claims that they were pursuing in the non-dischargeability case. That was originally listed as an issue for appeal in the notice of appeal. There's nothing in the appellant's brief about that issue on appeal. I identified that in our response brief. The continuing concern that I would have, which was also outlined a bit in the brief, is that if we're carving out that sort of non-dischargeability claim, the Title VII claim is non-dischargeable against corporations. We would be carving that out for a corporation who confirms a non-consensual plan in a Subchapter V case. Every other corporation gets a discharge of those claims. That's been the rule for 45 years. Additionally, I think we make a comparison in our brief to other sorts of what I'll call heinous actions. Corporations get discharges of child sex abuse claims all the time. Why would this court carve out an exception for a Title VII harassment claim when courts have recognized continuously sex abuse claims get discharged all the time? I think there's both a statutory reason for not adopting that distinction and a practical reason as well. The carve-out that you're talking about, we should note, is limited the heinous crimes you're talking about is limited to the corporation. Those other crimes, applicable non-management. Individuals, absolutely. Right. And it just not all the time. I mean, the carve-out. There are other, unlike Title VII claims, the claims that you were talking about could be very much criminal, could have other sort of tort liabilities that would be able to be pursued under applicable non-bankruptcy law. Correct. And in many cases, those claims are against the individuals who committed the act and therefore, the 523 things would apply whether they're in any level. I said I had two more points. I guess I had three. The interpretation that what 1192 does is incorporates the list of 21 types of debts that can't be discharged from a corporation. I guess an additional problem with that interpretation is there's things in that list of 21 that by nature don't apply to corporations. A corporation will never owe a domestic support obligation or have a divorce decree obligation or be a criminal that has a criminal obligation because of a motion they filed, 523-A-17. Just a couple seconds left. The last issue I just wanted to make the Court aware of was sort of alluded to. I referenced the Fifth Circuit appeal of the GFS case in our brief. There's now been another direct appeal in an 11th Circuit matter that the 11th Court itself has certified it yet, but the Bankruptcy Court has certified a direct appeal and that's in 2 Monkey Trading LLC. It's also from the Middle District of Florida, the same court that issued the Hall decision that was referenced in our brief. There's now, I guess, two Circuit courts that are starting to address that issue too. It's not authority yet, but just to make the Court aware that it's out there. Thank you very much. Brilliant. You've got about three and a half minutes. What would you like to tell us? Nothing. I appreciate your time. Good luck. Thank you very much. Thank you both for your briefs and your argument. It's submitted.
judges: BRAND, GAN, and CORBIT